(No. 82-CC-0662–■

Zayre 365, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed June 4, 1982.*

Zayre 365, *pro se*, for Claimant.

Tyrone C. Fahner, Attorney General (Kathleen O'Brien, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

The record in this cause indicates that the purpose of the expenditure by the Department of Children and Family Services for which this claim was filed was for clothing provided by Claimant to children in custody of the Department of Children and Family Services.

The Department of Children and Family Services has submitted a report on this claim which states that $280,039.73 lapsed in the appropriate fund in FY 81 but that there were no funds remaining in the appropriation out of which this claim should have been paid in FY 80 (appropriation & fund No. 001-41817-4400-08-00), but that funds were available to the Department for the

payment of this claim in FY 80 in appropriation and fund No. 001-41817-4400-03-00 if the Department had requested that a transfer bill be passed by the General Assembly.

Section 30 of An Act in Relation to State Finance (Ill. Rev. Stat. 1979, ch. 127, par. 166) prohibits obligating the State to any indebtedness in excess of the money appropriated for a department, unless expressly authorized by law. Therefore, the only way an award on this claim may be made is if this expenditure was expressly authorized by law. Previously, expenditures for food and medical care for prisoners have been recognized to be expressly authorized by law. (*Fergus v. Brady* (1917), 277 Ill. 272). Also, the Court has considered this problem in connection with the apprehension and return of fugitives. In those cases, the Court has made awards on the basis that payment was expressly authorized by law.

The children for whom Claimant provided the clothing for which payment is sought were placed in the custody of the Department of Children and Family Services by orders of the circuit court of Cook County pursuant to the Juvenile Court Act. (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.*) Section 1—12 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 701—12) imposes upon the legal custodian of a child the duty to provide him with food, shelter, education and ordinary medical care.

The Court has considered the limitations placed on the Department of Children and Family Services by the General Assembly. It is the function of the General Assembly to control the expenditures of public funds by the various agencies of State government. However, this is a situation very close to that of *Fergus v. Brady.* Here, as in *Fergus v. Brady*, the State agency had custody by court order and was authorized by law to provide basic

necessities for the person in custody, in this instance children.

The invoice for these services was submitted after the close of the fiscal year, but the Department of Children and Family Services was required to pay that invoice out of funds for that prior fiscal year. This situation leads to unique and difficult forecasting problems for the Department of Children and Family Services. The provider of these services should not be penalized because the Department is unable to accurately forecast specific appropriation fund requirements for each fiscal year. Had the Department been able to properly forecast, sufficient funds would have been available for the payment of this claim.

Because the expenditure here in question was required by law, it is hereby ordered that the Claimant, Zayre 365, be and is hereby awarded the sum of $414.07.